UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. MJ20-425 |
| Plaintiff, ) | |
| ) | MOTION FOR REVIEW AND |
| v. ) | REVOCATION OF MAGISTRATE JUDGE'S DETENTION ORDER AND |
| ) | MEMORANDUM OF LAW IN |
| ISAIAH THOMAS WILLOUGHBY, ) | SUPPORT |
| Defendant. ) | Noted for July 31, 2020 |
| ) | |
| ) | (telephonic oral argument requested) |

The defendant, Isaiah Thomas Willoughby, seeks review of the detention order issued by Magistrate Judge Brian Tsuchida on July 20, 2020, dkt 11, 13, and respectfully moves this Court to reverse the magistrate judge's detention order and promptly release him pending trial with a set of conditions this Court finds acceptable. *See* 18 U.S.C. § 3145(b); Local Rule W.D. Wash. MJR 11. This Court's review is *de novo*.

The Bail Reform Act requires that a defendant be released unless no conditions could reasonably assure his future appearance and protect the community. Here, even apart from the COVID-19 pandemic, Mr. Willoughby should be released with conditions. The COVID-19 pandemic simply provides additional weight in favor of releasing Mr. Willoughby.

**I.     Procedural History**

This offense allegedly took place on June 12, 2020, during the CHOP (Capitol Hill Organized Protest) and Black Lives Matter protests in Seattle. Mr. Willoughby is

MOTION FOR REVIEW AND REVOCATION OF MAGISTRATE JUDGE'S DETENTION ORDER AND MEMORANDUM OF LAW IN SUPPORT
(*Isaiah Willoughby, MJ20-425*) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1  accused of setting fire to a pile of debris outside of the then-abandoned SPD East
2  Precinct, a building not made of wood or other easily flammable material. Mr.
3  Willoughby was arrested in Tacoma at his residence on June 18, 2020. He was detained
4  at the King County Jail.

5  On June 23, 2020, Mr. Willoughby was charged in King County Superior Court
6  with Arson Second Degree (setting a fire which damages property). After about three
7  weeks in custody, a community bail fund agreed to post bail for Mr. Willoughby on
8  July 11, 2020.[1] He was released from custody, but was arrested following a
9  misdemeanor assault allegation now charged in Seattle Municipal Court.[2] Mr.
10 Willoughby was released again after posting bail for that case on Monday, July 13,
11 2020.

12 After Mr. Willoughby was released twice in state court, the Government file a
13 federal complaint charging him with Arson, in violation of 18 U.S.C. §§ 844(f)(1) and
14 844(i), and obtained a warrant for his arrest on July 14, 2020. Dkt 1. Mr. Willoughby
15 was arrested that afternoon and had an initial appearance on July 15, 2020. Dkt 7.

16 A detention hearing was held on July 20, 2020, before Magistrate Judge Brian
17 Tsuchida. Dkt 11. At the detention hearings, Mr. Willoughby stressed his strong ties to
18 this district and the limited nature of his criminal history. *See* Dkt 9; Exhibit
19 1(Transcript). The Government argued for detention, citing the nature of the offense,
20 Mr. Willoughby's criminal history, and statements he allegedly made about going to

---

[1] The pretrial services report states that Mr. Willoughby bailed out after learning that the U.S. Attorney's Office was going to file charges against him, implying he was attempting to flee federal prosecution. The Court should not engage in such speculation. As counsel understands it, the King County Prosecutor announced, in open court during a hearing, that "the feds" will likely take the state case. The county defender sought appointment of counsel for Mr. Willoughby for the federal case. There was nothing nefarious about this common procedure.

[2] Just as Mr. Willoughby is presumed innocent of the offense in this case, he is also presumed innocent in that case. He denies the conduct alleged in that case.

MOTION FOR REVIEW AND REVOCATION OF
MAGISTRATE JUDGE'S DETENTION ORDER AND
MEMORANDUM OF LAW IN SUPPORT
(*Isaiah Willoughby, MJ20-425*) - 2

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

Las Vegas. Exhibit 1 (Transcript). The Court denied Mr. Willoughby's request to be released on bond and ordered that he be detained. Dkt 11, 13.

## II. Memorandum of Law in Support of Motion

### A. Standard of Review

This Court's review is *de novo*. *See* 18 U.S.C. § 3145(b); *United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990). This Court must review the evidence before the magistrate judge and any additional evidence proffered by the parties "and make its own independent determination whether the magistrate's findings are correct with no deference." *Koenig*, 912 F.2d at 1193.

### B. Legal Framework

"Under the Bail Reform Act of 1984, as amended, Congress has determined that any person charged with an offense under the federal criminal laws shall be released pending trial, subject to appropriate conditions. . . ." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015). And, "[o]nly in rare cases should release be denied, and doubts regarding the propriety of release are to be resolved in favor of the defendant." *Id.* (citing *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985)). *See also United States v. Salerno*, 481 U.S. 739, 755 (1987) (suggesting that "detention prior to trial or without trial is the carefully limited exception" to liberty before trial). One charged with a crime is, after all, presumed innocent. *Stack v. Boyle*, 342 U.S. 1, 4 (1951).

Under the Bail Reform Act, the Government must show that a defendant poses a danger to the community by clear and convincing evidence, and it must show that a defendant poses a flight risk by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); 18 U.S.C. § 3142(f).

At the detention hearing, the Government did not allege that Arson is an offense that carries a rebuttal presumption that no combination of conditions will reasonably

MOTION FOR REVIEW AND REVOCATION OF MAGISTRATE JUDGE'S DETENTION ORDER AND MEMORANDUM OF LAW IN SUPPORT
(*Isaiah Willoughby, MJ20-425*) - 3

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

assure the appearance of a person or the safety of the community. *See* Dkt 3; 18 U.S.C. §§ 3142(e)(2), 3142(f)(1)(C). In the interests of caution, this issue will, nonetheless, be addressed. If this presumption is rebutted, the Court must impose "the least restrictive" condition, or set of conditions, that will create such an assurance. 18 U.S.C. § 3142(c)(1)(B). Even where a defendant bears a burden of production to rebut the presumption, the Government bears the ultimate burden of persuasion. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

The burden of production imposed upon the defense is "small;" he need only present some credible evidence against the presumption of detention. *See United States v. Chen*, 820 F.Supp 1205, 1207-08 (N.D.Cal. 1992); *United States v. Clark*, 791 F.Supp 259, 260 (E.D.Wash. 1992). Any "evidence of economic and social stability" can rebut the presumption. *United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986)

In this case, Mr. Willoughby has easily presented sufficient evidence to meet his initial burden of production. The information contained in the Pretrial Services reports confirm that Mr. Willoughby has longstanding ties to this community and has a recent history of employment.

Once the defendant has met his burden of production, to detain a defendant, the Government must prove by a preponderance of the evidence that the defendant poses a flight risk that no condition or combination of conditions can address. *Motamedi*, 767 F.2d at 1407. The clear and convincing burden applicable to a claim of dangerousness requires evidence that produces in the factfinder "abiding conviction" that the asserted facts are "highly probable." *Sophanthavong v. Palmateer*, 378 F.3d 859, 866–67 (9th Cir. 2004) (quoting *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984)). So to detain based on dangerousness, the Court must have an abiding conviction that even with some combination of conditions, it is highly probable that the defendant poses a danger.

MOTION FOR REVIEW AND REVOCATION OF MAGISTRATE JUDGE'S DETENTION ORDER AND MEMORANDUM OF LAW IN SUPPORT
(*Isaiah Willoughby, MJ20-425*) - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

The United States Constitution affords pretrial detainees greater protection from dangerous conditions of confinement than those sentenced after conviction. *See*, *e.g.*, *Hernandez v. County of Monterey*, 110 F. Supp. 3d 929, 934 (N.D. Cal. 2015) ("A jail violates both [the Fourteenth and Eight Amendments] if it incarcerates inmates under conditions posing a substantial risk of serious harm to their health or safety . . . and if [government] acted with deliberate indifference, that is, with conscious disregard for that risk[.]"); *Morales Feliciano v. Rossello Gonzalez*, 13 F. Supp. 2d 151, 210 (D.P.R. 1998) ("The failure to screen incoming [inmates] for infectious diseases including tuberculosis" violates the Constitution).

Release conditions need only provide "reasonable assurance" and it is reversible error to detain a defendant in order to "guarantee" community safety. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). Further, "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Calif. June 18, 1992) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)). A review of the relevant statutory factors makes clear that the Government has not met its burden, and thus Mr. Willoughby should be released.

When determining whether the Government has proven that there are no conditions or combination of conditions that reasonably assure Mr. Willoughby's appearance in court and protect the community, it must consider: (1) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; (2) the nature and circumstances of the offense charged; (3) the weight of the evidence against the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

MOTION FOR REVIEW AND REVOCATION OF
MAGISTRATE JUDGE'S DETENTION ORDER AND
MEMORANDUM OF LAW IN SUPPORT
(*Isaiah Willoughby, MJ20-425*) - 5

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

### 1. Mr. Willoughby's History and Characteristics

Mr. Willoughby's history and characteristics favor release. He was born in Tacoma and is 35 years old. He and his four siblings spent much of their youth in foster care. They grew up without a permanent home, cycling between foster parents, their birth mother, and their grandmother. Mr. Willoughby's birth mother struggled with chemical dependency, exposing the children to an environment where drug use was open. In 1997, Mr. Willoughby and his siblings were adopted. *See* Exhibit 2 (Cronin, M., *Fostering Hope*, Seattle Times, 12/28/97).

Despite his difficult childhood, Mr. Willoughby has accomplished much in life. He has no juvenile criminal history. He graduated from Franklin High School in 2003. Since then, he has worked hard to continue his education, taking community college classes on automotive repair, business, real estate, and other subjects between 2003 and 2018. He completed the real estate course of study and is eligible to take the state licensing test.

Mr. Willoughby has been active in community engagement in the last several years. In 2019, he ran as a candidate for Seattle City Council, District 1. At candidates' forums, he spoke about homelessness, involving youth in local politics, and the importance of connecting people in the criminal justice system with services. His mission statement was "promoting healthy minds and spirits."[3]

Also in 2019, Mr. Willoughby helped organize the first annual Seattle Sneaker Ball, an event hosted by Sneaker Warz, an apparel company and lifestyle brand. A portion of the proceeds from the event went to Redeeming Soles, a non-profit organization that provides footwear to men, women, and children in need. The defense team has spoken with the owner of Sneaker Warz who said that Mr. Willoughby could

---

[3] *See* https://www.seattlemag.com/news-and-features/seattle-city-council-primary-election-heating-part-1

MOTION FOR REVIEW AND REVOCATION OF MAGISTRATE JUDGE'S DETENTION ORDER AND MEMORANDUM OF LAW IN SUPPORT
(*Isaiah Willoughby, MJ20-425*) - 6

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

come back to work part-time. Like most businesses, the COVID-19 epidemic has caused economic stress for the company.

Mr. Willoughby also has a strong employment history outside of his work with the apparel brand and political activities. He worked at Les Schwab Tires before the COVID-19 caused temporary layoffs. He is eligible to return to work when the economy reopens.

### 2. Mr. Willoughby's criminal history

The Government and Pretrial Services pointed to Mr. Willoughby's criminal history as a reason for detention. The Stanford Center on Poverty and Inequality found that, by the end of 2015, the rate of incarceration for Black men ages 20-34 was 5.7 times the rate of incarceration for similarly aged white men.[4] Mr. Willoughby is not a stranger to the carceral system's disproportionate impact on Black men. His record, as set forth in the Pretrial Services Report, consists almost exclusively of misdemeanor convictions, and his only felony conviction is for a non-violent offense.[5] The only felony conviction was a 2007 Trafficking in Stolen Property conviction, for which he was sentenced to work-release and community service. The rest of Mr. Willoughby's record includes misdemeanor convictions dating to 2005. More than half of the charges in the pretrial services report were dismissed. While he has several assault convictions, most are fairly dated, having occurred between 2005 and 2010. The most recent assault conviction took place in 2016, according to the pretrial services report.

Pretrial Services notes that Mr. Willoughby has pending warrants in several cases, but the jurisdictions that issued those warrants did not place detainers for him

---

[4] https://inequality.stanford.edu/sites/default/files/Pathways_SOTU_2017_incarceration.pdf

[5] The Pretrial Services Report states that Mr. Willoughby was convicted of a second felony, Theft First Degree, in case King County Superior Court on 4/22/16. However, this is incorrect. In that case, he pled guilty to Theft Third Degree. *See* Exhibit 3 (Judgement, KCSC 16-1-01454-9).

MOTION FOR REVIEW AND REVOCATION OF MAGISTRATE JUDGE'S DETENTION ORDER AND MEMORANDUM OF LAW IN SUPPORT
 (*Isaiah Willoughby, MJ20-425*) - 7

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

when he was recently in the King County Jail. And those cases appear to involve shoplifting-type allegations, because they are charged as theft in the third degree.

### 3. Weight of the Evidence

The strength of the Government's case is the least important among factors considered under Bail Reform Act. *United States v. Motamedi*, 767 F.2d 1403, 1404 (9th Cir. 1985). In assessing the weight of the evidence, the Court may not make a pretrial determination of guilt. *Motamedi*, 767 F.2d at 1408. Rather, the weight of the evidence "can be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community." *Id.* Even when the evidence strongly weighs in favor of conviction, release is nevertheless appropriate if the community's safety can be "reasonably assured" by release conditions. *Id.*

### 4. The Nature and Seriousness of the Danger Posed by Release

With supervision and conditions, Mr. Willoughby is not a danger to others. He has the opportunity to immediately work part-time if released and his brother supports him. Pretrial Services is able to electronically monitor defendants using cell phone technology that verifies the defendant's (not just the cell phone) location. He would also abide by any drug/alcohol monitoring or treatment conditions. He knows that he faces a serious sanction if found guilty and he has every incentive to abide by any conditions this court imposes.

And as Exhibit 4 to the defense's memorandum for the detention hearing demonstrates, courts have seen fit to release people facing the same charges stemming from incidents involving more aggravated attacks (such as cases involving use of Molotov cocktails.) While each detention assessment is individualized, these cases reflect the reality that arson cases arising out of the protests do not present immitigable risk of flight or danger.

MOTION FOR REVIEW AND REVOCATION OF MAGISTRATE JUDGE'S DETENTION ORDER AND MEMORANDUM OF LAW IN SUPPORT
(*Isaiah Willoughby, MJ20-425*) - 8

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

### 5. The COVID-19 epidemic provides yet another reason to release Mr. Willoughby.

To be clear, Mr. Willoughby should be released independent of any concerns about the COVID-19 epidemic. The COVID-19 epidemic provides additional reasons to release Mr. Willoughby. Conditions at the FDC Seatac are much more austere due to the epidemic. Clients are frequently confined to their cells; they have limited access to the law library; and are unable to communicate easily with their attorneys.

While Mr. Willoughby does not have any chronic health conditions, the COVID-19 epidemic weighs in favor of release. It is impossible for inmates in jails to practice social distancing. COVID-19 has proven to have dire health consequences for even some young people who do not fall into high risk categories. Young and middle aged people are dying of strokes associated with COVID-19.[6] While younger healthy people have lower hospitalization and mortality rates, they still can suffer severe complications from COVID-19.[7]

The COVID-19 concerns were not the focus of the prior detention hearing. Since then, the FDC Seatac has reported potential COVID-19 infections in three inmates. Given the inability for inmates to engage in social distancing, the number of infections is expected to rise. Despite all of the efforts by BOP, it has experienced huge COVID-19 outbreaks at multiple facilities, with several facilities reaching known infection rates in 70% of the inmates.

## IV. Conclusion

This case was investigated and charged in state court. While it is a serious offense, the state court allowed Mr. Willoughby to post bond for his release. Under Washington sentencing guidelines, the mandatory sentencing range was relatively low,

---

[6] *See* https://www.washingtonpost.com/health/2020/04/24/strokes-coronavirus-young-patients/
[7] *See* https://fivethirtyeight.com/features/why-are-some-young-healthy-people-getting-severe-covid-19/

MOTION FOR REVIEW AND REVOCATION OF MAGISTRATE JUDGE'S DETENTION ORDER AND MEMORANDUM OF LAW IN SUPPORT
(*Isaiah Willoughby, MJ20-425*) - 9

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

12-14 months. Now, the Department of Justice is simply using the cudgel of federal mandatory minimum sentences to detain and imprison certain protestors. This Court should resist such arguments and faithfully apply the standards in the Bail Reform Act that presume release on bond, reserving detention for only rare cases.

Release is warranted, despite the allegations and despite his misdemeanor criminal history. Accordingly, this Court should revoke the magistrate judge's detention order and release Mr. Willoughby on an appearance bond.

DATED this 22nd day of July, 2020.

Respectfully submitted,

s/ *Dennis Carroll*
Assistant Federal Public Defender
Attorney for Isaiah Willoughby

MOTION FOR REVIEW AND REVOCATION OF MAGISTRATE JUDGE'S DETENTION ORDER AND MEMORANDUM OF LAW IN SUPPORT
(*Isaiah Willoughby, MJ20-425*) - 10

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100