UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ISAISH THOMAS WILLOUGHBY,<br><br>　　　　　　　　Defendant. | CASE NO. 20-111-JCC<br><br>**ORDER DENYING MOTION TO REOPEN DETENTION** |

Defendant's motion to reopen detention under 18 U.S.C. § 3142(f) has been referred to the undersigned. Dkt. 31. Defendant contends that since the last detention decision the FDC has experienced a significant increase in COVID-19 cases and "the changed circumstances at the FDC warrant reopening the detention hearing and releasing Mr. Willoughby." *Id.*

The first detention decision in this case occurred on July 20, 2020, when the Court conducted a detention hearing and ordered defendant detained. Dkt. 12. Defendant appealed this detention order and the appeal was assigned to Chief Judge Ricardo Martinez. In his appeal to Chief Judge Martinez, defendant argued he should be released because Terrance Morgan of the Urban League of Metropolitan Seattle indicated housing that accommodates home monitoring is available to defendant, and that the Urban League would assist defendant with job training and career placement. *See* Dkt.20. Defendant further argued Chief Judge Martinez should release him

ORDER DENYING MOTION TO REOPEN
DETENTION - 1

1  due to the fact there was one confirmed COVID-19 case at the FDC, and that the measures the

2  FDC had undertaken to safeguard inmates and staff involved frequent lockdowns, and no in-

3  person access to family, friends or counsel. *Id.*

4        On August 3, 2020, Chief Judge Martinez denied defendant's appeal. Dkt. 23. Chief

5  Judge Martinez found "Mr. Willoughby's generalized concerns over the current COVID-19

6  pandemic alone are not a valid basis to reopen detention." *Id.* at 3. The Chief Judge further found

7  a presumption of detention under 18 U.S.C. § 3142(e) applied and "the record 'overwhelmingly'

8  supports pretrial detention." *Id.*

9        On September 8, 2020, defendant filed the instant motion for review of the detention

10 order. Dkt. 31. He argues the detention decision should be reopened because since the two prior

11 detention orders were entered, there are now more COVID-19 cases at the FDC. *Id.* at 5. He

12 contends under the Court's General Order 03-30, "Counsel should identify individuals who are

13 currently detained but should be reconsidered in light of the ongoing health emergency and who

14 do not pose a current and substantial risk of danger to the community or flight risk." *Id.* He

15 further argues the dangers to inmates such as defendant is "neither speculative nor theoretical"

16 because 118 BOP inmates have died of COVID-19 so far. *Id.*

17       The Court rejects this argument. Defendant's argument asserts generalized concerns

18 about the current COVID-19 pandemic. That is, COVID-19 presents potentially serious health

19 risks, these risks are heightened by jail conditions, inmates at the FDC have tested positive for

20 COVID-19, and numerous BOP inmates at other institutions have died of COVID-19. These are

21 generalized concerns because they apply to all inmates. However, as Chief Judge Martinez

22 found, generalized concerns about COVID-19, alone, are not a valid basis to reopen detention.

23 Apart from raising generalized concerns, defendant presents no particularized evidence

ORDER DENYING MOTION TO REOPEN
DETENTION - 2

establishing he faces special health risks. The record indicates he does not as he previously indicated he does not have any chronic health conditions, *see* Dkt. 16 and is relatively young being under the age of 36.

Defendant also argues he should be released because he has ties to the community and recent history of employment; most of his criminal history involves misdemeanors; there are no detainers for the several outstanding state warrants for his arrest; his alleged propensity for violence can be addressed through conditions of supervision; the weight or strength of the evidence against him is the least important factor; and the Seattle Metropolitan Urban League can assist him with finding housing and job training. These arguments were raised earlier, do not involve new information, and therefore are not a basis to reopen the detention decision.

For the foregoing reasons the Court DENIES defendant's motion to reopen detention. Dkt. 31.

DATED this 9th day of September, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER DENYING MOTION TO REOPEN
DETENTION - 3