THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br>   v.<br><br>ISAIAH THOMAS WILLOUGHBY,<br><br>                  Defendant. | CASE NO. CR20-0111-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motions to dismiss the indictment (Dkt. Nos. 47, 50) and the parties' motions for leave to file overlength briefs (Dkt. Nos. 46, 55). Having considered the parties' briefing and the relevant record, and finding oral argument unnecessary, the Court hereby DENIES Defendant's motions to dismiss and GRANTS the parties' motions for overlength briefs for the reasons explained herein.

## I.  Motions to Dismiss Indictment

Defendant is charged by indictment with one count of arson in violation of 18 U.S.C. §§ 844(f)(1) and 844(i). The Government alleges that Defendant

> did maliciously damage and destroy, and attempt to damage and destroy, by means of fire, a building, namely, the Seattle Police Department East Precinct . . . that was used by the Seattle Police Department in interstate and foreign commerce and in an activity affecting interstate and foreign commerce, and that was in whole or in part owned and possessed by the Seattle Police Department, an institution and organization receiving Federal financial assistance.

(Dkt. No. 24 at 1–2.) Defendant moves to dismiss the indictment based on duplicity and a lack of subject matter jurisdiction. (*See generally* Dkt. Nos. 47, 50.)

    1.    *Duplicity*

18 U.S.C. § 844(f)(1) penalizes the act or attempted act of damaging by fire a building or property owned by an organization receiving federal funding. 18 U.S.C. § 844(i) penalizes the same act when directed at a building or property used in, or affecting, interstate commerce. Defendant argues that because his indictment contains both crimes as a single count, it is impermissibly duplicitous. (Dkt. No. 50 at 2–5.) Defendant suggests that the Court either dismiss the indictment or order the Government to elect which section it will proceed to trial on. (*Id.* at 5.) But duplicitous indictments can be cured through a directed verdict or a unanimity instruction. *United States v. Elk-Booth*, 481 Fed. Appx. 326, 327 (9th Cir. 2012) (citing *United States v. Ramirez-Martinez*, 273 F.3d 903, 915 (9th Cir. 2001), *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007)). Therefore, the Court declines Defendant's request, as the issue can be addressed at trial.

    2.    *Subject Matter Jurisdiction*

Defendant also challenges the Government's application of Sections 844(f)(1) and 844(i) on jurisdictional grounds. (Dkt. No. 47 at 2.)

    a.    <u>Section 844(f)(1)</u>

Defendant first argues that the Government's application of Section 844(f)(1) runs afoul of the Property Clause of the United States Constitution. (Dkt. No. 47 at 11.) More specifically, Defendant alleges that, for the statute to be constitutionally valid, the federal government must have "some actual and substantial property interest" in the Seattle Police Department East Precinct, which it lacks. (*Id.* (quoting *United States v. Brown*, 384 F. Supp. 1151, 1157 (E.D. Mich. 1974)).) But courts have consistently upheld Section 844(f)(1) convictions in comparable situations. *See, e.g.*, *United States v. York*, 600 F.3d 347, 354 (5th Cir. 2010); *In re Grand Jury Subp.*, 201 Fed. Appx. 430, 432 (9th Cir. 2006); *United States v. Apodaca*, 522 F.2d 568, 572

(10th Cir. 1975). This Court sees no reason to diverge from these holdings.

      b.  <u>Section 844(i)</u>

Defendant next argues that the Government's application of Section 844(i) runs afoul of Tenth Amendment limitations, arguing that applying the section to a local police station would impair state sovereignty. (Dkt. No. 47 at 9.) But, again, courts have consistently upheld Section 844(i) convictions in similar circumstances. *See, e.g.*, *Belflower v. United States*, 129 F.3d 1459, 1461 (11th Cir. 1997); *United States v. Laton*, 352 F.3d 286, 295 (6th Cir. 2003). The Court sees no reason to diverge from these holdings either.

Finally, Defendant argues that Congress did not intend the provision to apply to a police station because such buildings are not involved in interstate commerce. (Dkt. No. 47 at 3.) This argument is belied by the legislative history of the section. *See Jones v. United States*, 529 U.S. 848, 853 n.5 (2000) (finding that Congress specifically indicated that it intended the provision to apply to "schools, police stations, and places of worship"). Therefore, the Court does not find Defendant's argument persuasive.

Accordingly, Defendant's motions to dismiss the indictment are DENIED. At trail, the Government has the burden to prove the jurisdictional elements of Sections 844(f)(1) and 844(i), *i.e.*, that the Seattle Police receive federal funding and that the East Precinct is involved in an activity affecting interstate commerce. *See United States v. Gomez*, 87 F.3d 1093, 1097 (9th Cir. 1996); *United States v. McKinnon*, 281 F. Supp. 2d 1146, 1148 (N.D. Cal. 2003). But for now, Defendant's arguments are premature. *See United States v. Tubbs*, 2007 WL 2751406, slip op. at 1 (W.D. Wash. 2007) (finding similar jurisdictional arguments premature).

## II. Motions for Overlength Briefs

The parties moved to file overlength briefs on Defendant's motion to dismiss for lack of subject matter jurisdiction (Dkt. Nos. 46, 55). Defendant's counsel asserts that, to ensure Defendant received effective assistance of counsel, three additional pages were necessary to fully address the novel legal issues generated by the Government's charging decision, and the

1    Government sought a comparable number of pages in response. (Dkt. Nos. 46 at 1, 55 at 1.) The

2    Court finds that the parties have established good cause for exceeding the page limits otherwise

3    imposed by Local Criminal Rule 12(c)(6). Accordingly, their motions are GRANTED.

4    **III.**     **Conclusion**

5         For the foregoing reasons, the Court DENIES Defendant's motions to dismiss the

6    indictment (Dkt. Nos. 47, 50) and GRANTS the parties' motions to file overlength briefs (Dkt.

7    Nos. 46, 55).

8

9         DATED this 27th day of January 2021.

10

11

12

13                          John C. Coughenour

                            UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
CR20-0111-JCC
PAGE - 4