The Honorable John C. Coughenour

1
2
3
4
5
6
7        UNITED STATES DISTRICT COURT FOR THE
8           WESTERN DISTRICT OF WASHINGTON
                        AT SEATTLE
9
10
11   UNITED STATES OF AMERICA,              No. CR20-111JCC

12                     Plaintiff,

13             v.                           **PLEA AGREEMENT**

14   ISAIAH THOMAS WILLOUGHBY,

15                     Defendant.

16

17

18        The United States of America, by and through Tessa M. Gorman, Acting United

19   States Attorney for the Western District of Washington, and Todd Greenberg, Assistant

20   United States Attorney for said District, Defendant Isaiah Thomas Willoughby, and

21   Defendant's attorneys, Dennis Carroll and Jesse Cantor, enter into the following

22   Agreement, pursuant to Federal Rule of Criminal Procedure 11(c).

23        1.     **Waiver of Indictment**.  Defendant, having been advised of the right to be

24   charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge

25   brought by the United States Attorney in an Information.

26

27

28

Plea Agreement - 1
*U.S. v. Willoughby,* CR20-111JCC

2.   **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Information: *Conspiracy to Commit Arson*, in violation of Title 18, United States Code, Section 371.

By entering the plea of guilty, Defendant hereby waives all objections to the form of the charging document.  Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3.   **Elements of the Offense**.  The elements of the offenses to which Defendant is pleading guilty are as follows:

First, Defendant knowingly agreed with at least one other person to commit an offense against the United States, that is, Arson, in violation of Title 18, United States Code, Section 844(f)(1) and (i);[1] and

Second, Defendant or a co-conspirator committed any act to effect the object of the conspiracy.

4.   **The Penalties**.  Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows: A maximum term of imprisonment of five (5) years; a fine of up to $250,000; a period of supervision following release from prison of up to three years; and a mandatory special assessment of $100 dollars. If a probationary sentence is imposed, the probation period can be for up to five years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements.  Defendant further understands that, if supervised release is imposed and

---

[1] The elements of the crime of Arson are: Defendant used means of fire to maliciously damage or destroy, or attempt to damage or destroy, a building that was used in interstate or foreign commerce or an activity affecting interstate or foreign commerce [§ 844(i)]; or was in whole or in part owned or possessed by an institution or organization receiving Federal financial assistance [§ 844(f)(1)].

Plea Agreement - 2
*U.S. v. Willoughby*, CR20-111JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed.  This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

5.    **Rights Waived by Pleading Guilty.**  Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a.    The right to plead not guilty and to persist in a plea of not guilty;

b.    The right to a speedy and public trial before a jury of Defendant's peers;

c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.    The right to confront and cross-examine witnesses against Defendant at trial;

f.    The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

Plea Agreement - 3
*U.S. v. Willoughby*, CR20-111JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

g.      The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.      The right to appeal a finding of guilt or any pretrial rulings.

6.      **United States Sentencing Guidelines**.  Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including:  (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

a.      The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b.      After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.      The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

Plea Agreement - 4
*U.S. v. Willoughby*, CR20-111JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1        d.      Defendant may not withdraw a guilty plea solely because of the

2  sentence imposed by the Court.

3        7.    **Ultimate Sentence**.  Defendant acknowledges that no one has promised or

4  guaranteed what sentence the Court will impose.

5        8.    **Statement of Facts**. The parties agree on the following facts. Defendant

6  admits Defendant is guilty of the charged offense:

7     On June 12, 2020, at approximately 3:00 a.m., Isaiah Thomas Willoughby

8     started a fire on the exterior of the SPD East Precinct, located at 1519 12th
       Avenue, Seattle.  Willoughby approached the East Precinct on foot,

9     carrying a container filled with gasoline.  Willoughby poured the gasoline
       onto piled debris lying along the fence next to and against the East Precinct.

10    The debris consisted of combustible materials, including wood and paper.

11

12    Willoughby then walked away from the Precinct and returned a few
       minutes later.  He ignited an object in his hand and threw it onto the doused

13    debris pile, causing a fire that spread rapidly through the immediate area.
       Willoughby walked away from the fire as soon after it ignited.  Numerous

14    bystanders rushed to the scene of the fire and extinguished it by scattering

15    the burning debris and using handheld fire extinguishers.

16    SPD officers inspected the scene of the fire and observed burn marks on the

17    sidewalk; scorch marks on a piece of plywood at the base of a window that
       had been put up to protect the glass of the East Precinct building; and burn

18    marks on the frame of the East Precinct door immediately to the right of the

19    scorched plywood.

20    After he set the fire at the East Precinct, Willoughby told family members

21    that he did it because he was angry about the way he had been treated by
       officers at the East Precinct during a prior arrest.

22

23    Willoughby learned that the SPD publicly released surveillance images of
       him in an effort to identify the perpetrator of the arson.  Upon learning this,

24    Willoughby and another person deleted posts from some of Willoughby's

25    social media accounts, which were incriminating for Willoughby as to the
       arson.

26

27    However, Willoughby did not delete a Facebook post that he made on
       June 9, 2020, a day prior to the arson, which read: "This why Iam [sic] on

28    the front lines of this Regime change in America if you support my parties

Plea Agreement - 5
*U.S. v. Willoughby*, CR20-111JCC

then we need you on this Iam burn it down." Along with this message, Willoughby posted a video showing his hands leafing through court paperwork, including SPD reports and King County Superior Court documents relating to a June 2018 arrest (by SPD officers) and prosecution of Willoughby for robbery and other charges.

The East Precinct building is one of the SPD's primary bases of operation in the City of Seattle. Among other things, the East Precinct provides 24/7 proactive patrol and 911 emergency response to East Seattle, and other services including bike patrol, Anti-Crime Teams, Burglary/Theft investigation, Community Police Teams and Crime Prevention. The Seattle Police Department is involved in interstate and foreign commerce and in activities affecting interstate and foreign commerce, and is also an institution and organization that receives Federal financial assistance.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9.    **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

A base offense level of 24, pursuant to USSG § 2K1.4(a)(1).

The government agrees not to advocate for an upward adjustment under USSG § 3C1.1 (Obstruction of Justice).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10.    **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or

Plea Agreement - 6
*U.S. v. Willoughby*, CR20-111JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

greater, the United States will make the motion necessary to permit the Court to decrease
the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because
Defendant has assisted the United States by timely notifying the United States of
Defendant's intention to plead guilty, thereby permitting the United States to avoid
preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Recommendation Regarding Imprisonment**. The government agrees to
recommend a sentence of 36 months of imprisonment. Defendant is free to recommend
any sentence. The parties further agree to jointly recommend that the sentence imposed
in this case be run concurrently with any sentence to be imposed in the Assault case
pending against Defendant in Seattle Municipal Court. Defendant understands that these
recommendations are not binding on the Court and the Court may reject the
recommendation of the parties and may impose any term of imprisonment up to the
statutory maximum penalty authorized by law. Defendant further understands that
Defendant cannot withdraw the guilty plea simply because of the sentence imposed by
the Court. Except as otherwise provided in this Plea Agreement, the parties are free to
present arguments regarding any other aspect of sentencing.

12. **Restitution.** Defendant agrees that the Court can order Defendant to pay
restitution to the Seattle Police Department, the victim of Defendant's crimes. Defendant
is aware that the United States will present evidence supporting an order of restitution for
all losses caused by all of Defendant's criminal conduct known to the United States at the
time of Defendant's guilty plea. In exchange for the promises by the United States
contained in this plea agreement, Defendant agrees that Defendant will be responsible for
any order by the District Court requiring the payment of restitution for such losses.

a. The full amount of restitution shall be due and payable immediately
on entry of judgment and shall be paid as quickly as possible. If the Court finds
that the defendant is unable to make immediate restitution in full and sets a
payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that
the Court's schedule represents a minimum payment obligation and does not

preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that the defendant is unable to make immediate restitution.

b.      Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.  Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution.  Defendant's cooperation obligations are:  (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including  tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any

Plea Agreement - 8
*U.S. v. Willoughby*, CR20-111JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  interest held or owned in any other name, including all forms of business entities

2  and trusts.

3         c.     The parties acknowledge that voluntary payment of restitution prior

4  to the adjudication of guilt is a factor the Court considers in determining whether

5  Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

6         13.    **Abandonment of Contraband**.  Defendant also agrees that, if any federal

7  law enforcement agency seized any illegal contraband that was in Defendant's direct or

8  indirect control, Defendant consents to the federal administrative disposition, official use,

9  and/or destruction of that contraband.

10        14.    **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement,

11  the United States Attorney's Office for the Western District of Washington agrees to

12  dismiss the Indictment filed in this matter and not to prosecute Defendant for any

13  additional offenses known to it as of the time of this Plea Agreement based upon

14  evidence in its possession at this time, and that arise out of the conduct giving rise to this

15  investigation.  In this regard, Defendant recognizes the United States has agreed not to

16  prosecute all of the criminal charges the evidence establishes were committed by

17  Defendant solely because of the promises made by Defendant in this Agreement.

18  Defendant agrees, however, that for purposes of preparing the Presentence Report, the

19  United States Attorney's Office will provide the United States Probation Office with

20  evidence of all conduct committed by Defendant.  Defendant agrees that any charges to

21  be dismissed before or at the time of sentencing were substantially justified in light of the

22  evidence available to the United States, were not vexatious, frivolous or taken in bad

23  faith, and do not provide Defendant with a basis for any future claims under the "Hyde

24  Amendment," Pub. L. No. 105-119 (1997).

25        15.    **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that, if

26  Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

27  Agreement and Defendant may be prosecuted for all offenses for which the United States

28  has evidence.  Defendant agrees not to oppose any steps taken by the United States to

Plea Agreement - 9
*U.S. v. Willoughby*, CR20-111JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement.  Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range.  Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

16.     **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this plea agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction.  Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a.      Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b.      Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17.    **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

18.    **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:  (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//
//
//
//
//
//
//

Plea Agreement - 11
*U.S. v. Willoughby*, CR20-111JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    19.    **Completeness of Agreement**.  The United States and Defendant

2  acknowledge that these terms constitute the entire Plea Agreement between the parties,

3  except as may be set forth on the record at the change of plea hearing in this matter. This

4  Agreement binds only the United States Attorney's Office for the Western District of

5  Washington.  It does not bind any other United States Attorney's Office or any other

6  office or agency of the United States, or any state or local prosecutor.

7    Dated this 9th day of June, 2021.

8

9    */s Isaiah Thomas Willoughby (per approval)*
     ISAIAH THOMAS WILLOUGHBY
10   Defendant

11

12   */s Dennis Carroll*
     DENNIS CARROLL
13   Attorney for Defendant

14

15   */s Jesse Cantor*
     JESSE CANTOR
16   Attorney for Defendant

17

18

19   */s Todd Greenberg*
     TODD GREENBERG
20   Assistant United States Attorney

21

22

23

24

25

26

27

28

Plea Agreement - 12
*U.S. v. Willoughby,* CR20-111JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970