Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR20-111 JCC |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| ISAIAH THOMAS WILLOUGHBY, | |
| Defendant. | |

I. **Introduction.**

Isaiah Willoughby took advantage of the environment created by the protest-related CHAZ/CHOP zone to commit an arson attack against the Seattle Police Department's East Precinct. Willoughby knowingly created a grave risk of danger to numerous bystanders who were only feet away from the large fire he set. He also endangered the SPD officers and employees who were inside the Precinct building at the time. In doing so, Willoughby detracted from the voice of the protestors who were demonstrating in support of important racial justice and equity issues.

Importantly, Willoughby's actions were premeditated and planned. Willoughby did not act on the spur-of-the-moment; he did not unexpectedly get caught-up in the emotional impact of the protests; and he was not influenced by the members of a larger

GOVERNMENT'S SENTENCING MEMORANDUM - 1
*United States v. Willoughby,* CR20-111 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

group with whom he was associating. Instead, Willoughby executed his arson in an intentional and planned manner. He had a specific, personal motive behind his attack. Indeed, Willoughby made online posts about committing the arson two days beforehand, including his promise: "*Iam burn it down.*"

## II. The Sentencing Guidelines Calculations.

The government concurs with the Sentencing Guidelines calculations set forth in the Presentence Report. The Probation Office correctly calculates the total offense level at 21, Willoughby's Criminal History Category at III, and the advisory Sentencing Guidelines range to be 46-57 months.

## III. Sentencing Recommendation.

For the reasons set forth herein, the government recommends that the Court sentence the defendant to a term of imprisonment of **36 months** and a term of supervised release of three years, with all of the conditions of supervised release recommended by the Probation Office. The various statutory sentencing factors support a custodial sentence of 36 months in this case, including, most prominently, the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; the history and characteristics of the defendant; and the need for the sentence to afford adequate deterrence to criminal conduct.

//
//
//
//
//
//
//
//
//

GOVERNMENT'S SENTENCING MEMORANDUM - 2
*United States v. Willoughby,* CR20-111 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### A. The Nature/Circumstances of the Offense and the Need for the Sentence to Reflect the Seriousness of the Offense and to Provide Just Punishment.

Willoughby's criminal activities were extremely dangerous and serious. In evaluating the defendant's criminal conduct, the Court should focus on multiple aggravating factors that call for a sentence of 36 months.

#### 1. Willoughby's Conduct was Planned and Premediated.

It is one thing to attend a protest with good intentions, get caught-up in the emotions of the moment or perhaps influenced by a group one is associating with, and then commit a crime in the heat of the moment. It is a very different thing to have a pre-existing motive to attack the police, plan an arson, bring the necessary materials to commit the arson, and then execute the plan. That is what Willoughby did, and this Court should sentence him accordingly.

There is no question that Willoughby planned his arson – his conduct was premediated. On June 9, 2020, two days prior to the arson, Willoughby posted on Facebook a video of himself leafing through SPD reports and King County Superior Court documents related to a 2018 prosecution of Willoughby for robbery and related charges. A screen capture of Willoughby's post is depicted in *Exhibit 1*. *See Exhibit 1* at 1. During the video, Willoughby talked about the 2018 case and stated, "I beat it at trial. . . . So, when they arrested me they knew that I didn't even commit a robbery. . . . This is like the Rodney King beating, same exact shit. Blatant, fucking, blatant."[1] Underneath the video, Willoughby posted the comment:

> This why Iam [sic] on the front lines of this Regime change in America if you support my parties then we need you on this ***Iam burn it down***.
> (emphasis added).

---

[1] Willoughby went to trial and was found guilty of lesser included Assault and Theft offenses, but not the Robbery charge. He later entered guilty pleas in this case and another Assault/Theft case which were combined in one sentencing judgment. *See* PSR ¶ 42.

GOVERNMENT'S SENTENCING MEMORANDUM - 3
*United States v. Willoughby,* CR20-111 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Two days later, on July 12, 2020, at 3:00 a.m., Willoughby went into the CHAZ/CHOP zone with one purpose in mind – to commit an arson against the Seattle Police Department (*i.e.*, to "burn it down"). Willoughby arrived wearing a yellow sweatshirt and carrying a red plastic container full of gasoline. He emptied the gasoline around the perimeter of the East Precinct, dousing a variety of combustible materials that were lying against the building. Shortly thereafter, Willoughby ignited the gasoline with a fire source and then calmly walked away as flames ignited throughout the area.

Afterwards, Willoughby confirmed to his relatives that he committed the arson because he was angry with the way he was treated by SPD officers at the East Precinct during a prior arrest. PSR ¶ 10. The premeditated nature of Willoughby's conduct – coupled with the danger Willoughby posed to numerous bystanders and police officers inside the Precinct – calls for a sentence of 36 months of imprisonment.

### 2. Willoughby's Conduct was Extremely Dangerous and Created a Substantial Risk of Injury to Numerous other People.

Willoughby's arson was captured by an SPD surveillance video camera. Still images taken from the video are depicted in *Exhibit 1*. As noted above, Willoughby arrived at the East Precinct wearing a yellow sweatshirt and carrying a red gasoline container. He walked along the perimeter of the East Precinct, dousing various areas and debris with the gasoline. *Exhibit 1* at 2. Shortly thereafter, Willoughby lit an object in his hand. *Exhibit 1* at 3. He threw the flaming object onto the gasoline and large flames erupted throughout the area and against the Precinct building. *Exhibit 1* at 4. Willoughby calmly turned his back and walked away as the flames continued to erupt. *Exhibit 1* at 4. Numerous bystanders risked their safety by jumping into the flames to put out the fire. *Exhibit 1* at 5. These brave individuals successfully suppressed the fire by scattering the burning debris and using handheld fire extinguishers. *Exhibit 1* at 6.

Fortunately – and somewhat incredibly – no one was injured as a direct result of Willoughby's arson. Had Willoughby caused injuries to others, the government certainly would be advocating for a sentence much higher than 36 months. However, the fact that

GOVERNMENT'S SENTENCING MEMORANDUM - 4
*United States v. Willoughby,* CR20-111 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

no one was injured should not significantly mitigate the sentence here considering the wanton and dangerous nature of Willoughby's conduct. Willoughby knowingly created a risk of substantial injury to numerous other people. The images in *Exhibit 1* make clear that numerous individuals were in the immediate vicinity of Willoughby's fire and would be in harm's way. Multiple tents were set up only a few feet from the location of the fire, and groups of people were walking by on the street and milling around on the adjacent sidewalks. *Exhibit 1* at 3-4. All of this was visible to and known by Willoughby. Yet he was undeterred. Willoughby lit the fire anyways and then coolly walked away – leaving others to risk their safety to put out the fire. The resultant damage would have been far greater and even more dangerous but for the brave acts of these individuals.

Moreover, Willoughby's conduct endangered SPD officers and employees who were working inside the East Precinct. Although Willoughby may have believed that the building was unoccupied at the time – it was not. Willoughby may not specifically have known this, but in attempting to set the Precinct on fire, that is part of the risk he assumed and the danger he created.

**B. Willoughby's History and Characteristics.**

Willoughby's history and characteristics present a variety of both mitigating and aggravating factors. The government acknowledges the challenges that Willoughby faced during his early childhood years. This is certainly an appropriate mitigating factor for the Court to consider. PSR ¶¶ 58-59. However, we do not agree with the Probation Office and the defense in terms of the extent to which this factor should mitigate the sentence in this case.

Fortunately, by his middle school years, Willoughby found a stable home and appears to have been well supported thereafter. PSR ¶ 60. His subsequent life experiences establish that Willoughby has the capacity and ability to be successful. He started his own company in 2006 and promoted events throughout Seattle. PSR ¶ 62. Willoughby later began working with a local clothing company called Sneaker Warz. PSR ¶ 64. He even ran for Seattle City Council. PSR ¶ 64. Throughout his adult years,

GOVERNMENT'S SENTENCING MEMORANDUM - 5
*United States v. Willoughby,* CR20-111 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

he has consistently been employed. PSR ¶¶ 82-85. These aspects of Willoughby's background show that he has the maturity and capacity to conduct himself in a productive and lawful manner. This highlights the volitional nature of the arson Willoughby committed at the East Precinct – a crime he committed by his own conscious choice; after planning and preparation; and for his own rational (albeit misguided) reason (*i.e.*, his anger at the Seattle Police Department).

Willoughby's background also includes his extensive and serious criminal history, which is certainly an aggravating factor in this case. Although Willoughby has not served any long sentences, he has committed several concerning crimes involving violence and/or victims. *See, e.g.* PSR ¶ 35 (Assault involving threats to shoot family members and punching younger victim); ¶ 36 (Violation of Protection Order); ¶ 37 (Computer Trespass involving posting over the internet a surreptitiously taken sex video of Willoughby's partner); ¶38 (Cyberstalking involving death threats); ¶ 39 (Domestic violence assault involving punching and hitting female victim); ¶ 40 (Trespass involving attempt to pull knife on arresting officers).

Regardless of how the Court weighs the balancing of the aggravating and mitigating factors present in Willoughby's background, the government respectfully submits that the Plea Agreement in this case fully accounts for any mitigation. Willoughby was originally charged by Indictment with the offense of Arson, in violation of Title 18, United States Code, Sections 844(f)(1) and (i), a charge that carries a five-year mandatory minimum sentence. But for the government's exercise of prosecutorial discretion, Willoughby would be facing that mandatory sentence. Instead, the government allowed Willoughby to enter a guilty a plea to Conspiracy to Commit Arson, in violation of Title 18, United States Code, Section 371, enabling him to avoid the mandatory sentence, have the benefit of the lower Guidelines range, and to advocate for an even lesser sentence. The government extended this plea offer knowing that there were no proof issues with the case and that Willoughby did not have any realistic

GOVERNMENT'S SENTENCING MEMORANDUM - 6
*United States v. Willoughby,* CR20-111 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

defenses to present at trial.[2] The government submits that the substantial benefits afforded to Willoughby in the Plea Agreement appropriately and fully account for the mitigation present in his background and that a further variance below the applicable Guidelines range is unwarranted.

### C. Avoiding Unwarranted Sentencing Disparity.

The Probation Office's Sentencing Recommendation includes a comparison of Willoughby's case to the case against Desmond David-Pitts, as to whom this Court imposed a 20-month sentence. The government concurs with the Probation Office's conclusion that Willoughby is deserving of a longer sentence, although we submit that a 36-month sentence is a more appropriate comparative figure.

The crimes of both defendants are similar. Each man set a fire at the East Precinct that ultimately caused little property damage but created a grave risk of danger to numerous other people.

David-Pitts had just moved to Seattle from Alaska two days prior to his arson. He was a teenager who fell in with a group of more experienced black bloc "protestors" who were planning acts of violence. David-Pitts told the Court that he had not planned to commit an arson and that he got caught-up in the moment and influenced by the larger group. David-Pitts had one adult conviction and only one Criminal History point.

Willoughby presents a very different profile. Willoughby was 35 years old at the time of his arson. He has an extensive and troubling criminal history. His life experiences show that he can be productive in society when he chooses to be. Most notably, Willoughby did not act in the heat of the moment; he was not influenced by a group. Willoughby planned his crime and had a personal motive behind it. He is deserving of a substantially longer sentence than David-Pitts.

---

[2] The government also consulted with the SPD, the victim agency, regarding the plea offer in this case. For its part, the SPD acknowledged the reasonableness of the plea offer given all the circumstances of the case and the defendant's background and characteristics.

GOVERNMENT'S SENTENCING MEMORANDUM - 7
*United States v. Willoughby,* CR20-111 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Willoughby's case is perhaps better compared to that of Kelly Jackson. *See United States v. Jackson*, CR20-148 JLR. Jackson was convicted of throwing two Molotov cocktails at SPD vehicles during a protest in downtown Seattle on May 30, 2020. Jackson planned his conduct and brought pre-made Molotov cocktails with him to the protest. Jackson had the same total offense level (21); the same Criminal History Category (III); and the same Guidelines range as Willoughby. The Probation Office recommended a sentence of 36 months in Jackson's case. The Court imposed a 40-month sentence.

A sentence of 36 months for Willoughby would be consistent with the prior sentences imposed against David-Pitts and Jackson and would not create an unwarranted sentencing disparity.

**D. The Need to Afford Adequate Deterrence to Criminal Conduct.**

This case – along with the other protest-related arson cases – presents the Court with an opportunity to send an important message of general deterrence. The right to peacefully protest and gather in support of social and political causes is one of the dearest and most important rights that we enjoy in the United States. Protecting the ability of our citizens to express their views in this way is of paramount importance. One way to do that is to send a strong message to individuals who would seek to take advantage of, and abuse, the cover of lawful protests to carry out acts of violence, thereby risking the safety of the peaceful protestors and undercutting their important messages and causes. A term of 36 months in federal prison would send the most appropriate deterrent message in this case.

**E. Restitution.**

The Plea Agreement in this matter contains a restitution provision stating that the Court will determine the ultimate amount of restitution owed to the Seattle Police Department. The government is presently in the process of collecting the necessary documentation from the SPD. At sentencing, the government will either present this

GOVERNMENT'S SENTENCING MEMORANDUM - 8
*United States v. Willoughby,* CR20-111 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

evidence to the Court for a restitution finding or will request that the Court set a restitution hearing in the future if more time is necessary to collect the documentation.

**IV.     Conclusion.**

For all of the reasons set forth above, the government recommends that the Court sentence the defendant to a term of imprisonment of 36 months and a term of supervised release of three years, with all of the conditions of supervised release recommended by the Probation Office.

DATED this 28th day of September, 2021.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney

*/s Todd Greenberg*
TODD GREENBERG
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-3903
Facsimile: 206-553-4440
Phone: 206-553-7970
E-mail: Todd.Greenberg4@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 9
*United States v. Willoughby*, CR20-111 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970