The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR20-111 JCC |
| Plaintiff, | |
| v. | UNITED STATES' |
| | DISPOSITION MEMORANDUM |
| ISAIAH THOMAS WILLOUGHBY, | |
| Defendant. | |

**A. Introduction.**

Isaiah Willoughby has a serious alcohol problem. It's not just a personal issue – it's a public safety concern. Yet, Willoughby denies he has an issue with alcohol, even while his criminal activities and poor decision making are a direct result of his alcohol abuse. At this point, the Court should impose a sanction significant enough to impress upon Willoughby that his problem is real and that it adversely affects not only his life but the community at large. The government recommends a term of imprisonment for 90 days, which will hopefully be sufficient to achieve this purpose.

//
//
//
//

UNITED STATES' DISPOSITION MEMORANDUM - 1
*U.S. v. Willoughby, CR20-111 JCC*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**B. The Current Violations.**

The Probation Office has filed five violations against Willoughby. The first four violations fit a pattern that has became all too familiar – Willoughby got drunk (Violation 4) and then committed a series of crimes (Violations 1-3). The incident is summarized in the Seattle Police Department reports as follows:

> [First responding officer] The initial information from dispatch stated, "J/O, MALE SHOPLIFTING BRANDISHED KNIFE WHEN CONFRONTED BY SEC. NOOTHER WPNS." The suspect description on the incident was as follows: "BM, 25, 6'0, 180 POUNDS, BRIGHT BEANIE, GRN SEAHAWKS JKT, BLU JEANS, TENNIS SHOES."
>
> On arrival officers located suspect/WILLOUGHBY, ISAIAH THOMAS, and detained him on site. I located the complainant who was victim/COOPER, Christopher.
>
> While investigating I learned that suspect/WILLOUGHBY entered the PCC market at the response location and attempted to steal items which were recovered by COOPER, the onsite security guard. COOPER then observed WILLOUGHBY cross the street to Bartell Drugs where he stole another item. COOPER witnessed the security alarm alert as WILOUGHBY exited the Bartell Drugs store. COOPER then observed WILLOUGHBY place the stolen item in a bush.
>
> COOPER retrieved the stolen item to return it to Bartell Drugs, and as COOPER picked up the stolen item, WILLOUGHBY who was still standing nearby, brandished a black pocket knife and held it out while demonstrating aggressive body language and stated something to the effect of, "What are you gonna do, call the cops?" COOPER then called 911.
>
> On scene COOPER provided a show up, and verified that WILLOUGHBY who was now in custody was the suspect who shoplifted at both PCC and Bartells Drugs, before brandishing weapon towards COOPER. I collected a recorded statement from COOPER and flagged it on my BWV. I also recorded the shoplift that occurred at Bartells Drugs and flagged it on my BWV [].
>
> A black folding pocket knife was removed from WILLOUGHBY's person. I placed the knife into evidence at the North Precicnt.

*****

UNITED STATES' DISPOSITION MEMORANDUM - 2
*U.S. v. Willoughby, CR20-111 JCC*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

[Second responding officer] I observed WILLOUGHBY still had a knife in his hand with the blade exposed. I determined probable cause existed to contact and arrest WILLOUGHBY. I therefore contacted him at NE 70th ST / Oswego Pl NE. He was standing on the North sidewalk and had a black folding knife in his right hand. I heard Ofc. Carter identify himself as a police officer and order WILLOUGHBY to drop the knife. I provided TASER support while Ofc. Carter provided lethal cover. WILLOUGHBY tossed the knife to the ground.

WILLOUGHBY eventually complied with orders to get on the ground, but was initially argumentative. After having WILLOUGHBY prone on the ground, Ofc. Carter and I placed him in handcuffs.

I then observed a uniformed security officer. I spoke with the security officer who advised he was the complainant. He advised he was positive WILLOUGHBY was the suspect he called police about. Meanwhile, Ofc. Weiss, the primary officer, arrived on scene. He agreed to speak with the security guard.

I returned to Ofc. Carter and I seized the knife on the ground. I later provided it to Ofc. Weiss. Ofc. Carter provided me WILLOUGHBY's identification. I observed the male detained matched the photograph on WILLOUGHBY's ID. I conducted a records check and learned WILLOUGHBY had a threats to officers hazard for pulling a knife on police. I also learned he was monitored by Federal Probation. I contacted [] with US Probation and advised her of the incident.

The police officers arrested Willoughby for committing the crimes of Unlawful Use of a Weapon, Harassment, and Theft. The Seattle City Attorney's Office charged Willoughby with the single misdemeanor offense of Unlawful Use of a Weapon to Intimidate Another, in violation of Seattle Municipal Code Section 12A.14.075. However, the case was recently dismissed because the primary witness/victim was uncooperative and failed to appear at trial. For the same reason, the government will move to dismiss Violations 1-3; Willoughby is expected to admit Violation 4 (consuming alcohol).[1]

---

[1] Violation 5 alleges that Willoughby consumed alcohol three days after his arrest on the above incident. The government will move to dismiss this violation because it is too close in time to Violation 4 to know whether the alcohol remained in Willoughby's system or if he drank again.

UNITED STATES' DISPOSITION MEMORANDUM - 3
*U.S. v. Willoughby, CR20-111 JCC*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**C. Sentencing Recommendation.**

It will be easy for the defense to argue that the conduct underlying Violations 1-3 is being dismissed and that, as a result, the Court should not be concerned with it. If this was a one-off incident, perhaps the argument would have some force behind it. But it's not.

As the Court will recall, it was alcohol abuse that contributed heavily to Willoughby's original federal Arson offense. Similarly, much of Willoughby's extensive criminal history has been fueled by his consumption of alcohol, including several concerning crimes involving violence and/or victims. *See, e.g.* PSR ¶ 35 (Assault involving threats to shoot family members and punching younger victim); ¶ 36 (Violation of Protection Order); ¶ 37 (Computer Trespass involving posting over the internet a surreptitiously taken sex video of Willoughby's partner); ¶38 (Cyberstalking involving death threats); ¶ 39 (Domestic violence assault involving punching and hitting female victim); ¶ 40  (Trespass involving attempt to pull knife on arresting officers).

More recently, the Court revoked Willoughby's term of supervision and imposed a five-month custodial sentence after he drank, failed to go to treatment, absconded from supervision, and was found passed-out drunk in the lobby of a Las Vegas hotel, at which time he attempted to assault a security guard.

> Mr. Willoughby was found asleep [] on a sofa located in the hotel's lobby. When the hotel's security officer asked Mr. Willoughby to leave, Mr. Willoughby became "aggressive and uncooperative," and "reached into his pocket to grab a knife." It was at that time Mr. Willoughby was detained by Bellagio Hotel security until Las Vegas Metropolitan police arrived.

Dkt. 90 (USPO Memorandum) at 2.

Since then, Willoughby has repeatedly violated the terms of supervised release by drinking alcohol and failing to attend treatment sessions. The Court has been patient with Willoughby, twice continuing the term of supervised release without any further sanctions.

UNITED STATES' DISPOSITION MEMORANDUM - 4
*U.S. v. Willoughby, CR20-111 JCC*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    And now, Willoughby got drunk again, shoplifted items from a PCC and Bartell

2 store, and brandished a knife on the security guard who tried to intercede.

3    Willoughby has shown, time after time, that he is a danger to the community when

4 he drinks. This issue is significantly exacerbated by the fact that he denies the issue.

> Mr. Willoughby denies he has an issue with alcohol, despite all of the
> negative consequences he has experienced as a result of his decision to
> consume alcohol and participate in antisocial activities. He admits the
> offense he is on supervision for occurred after consuming alcohol while
> grieving the death of a close friend. His violations in June 2023 occurred
> following the death of his father, and the current alleged violations occurred
> following the death of his mother in March 2024. Both situations resulted
> with him consuming alcohol and becoming aggressive.
>
> ***
>
> During the discussion he glossed over these examples and maintained focus
> on how he feels "the system" is suppressing him.
>
> ***
>
> Mr. Willoughby has struggled with a substance use disorder throughout
> supervision, and his behavior following his use of alcohol often includes
> acts of violence. Attempts to address his alcohol use disorder have been
> made, but based on his statements, it appears he remains ambivalent about
> his treatment needs.

USPO Sentencing Recommendation at 3-4.

    Although Willoughby has accomplished some commendable things during his

time on supervised release, his substance abuse issues need to be controlled for him to

spend time safely and successfully in the community. That will require Willoughby to

face up to the problem and accept the help being offered by the Probation Office.

    The government does not believe this will happen unless the Court imposes a

custodial sanction sufficient to get Willoughby's attention, forcing him to focus on

abiding by all of the conditions of release. Specifically, we recommend that the Court

revoke the term of supervised release, impose a custodial sentence of 90 days, and

UNITED STATES' DISPOSITION MEMORANDUM - 5
*U.S. v. Willoughby, CR20-111 JCC*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  reimpose the maximum remaining term of supervision of 24 months, with all the

2  conditions recommended by the Probation Office.

3          DATED this 17th day of July, 2024.

4
                                           Respectfully submitted,
5
                                           TESSA M. GORMAN
6                                          United States Attorney

7
                                           */s Todd Greenberg*
8                                          TODD GREENBERG
9                                          Assistant United States Attorney
                                           United States Attorney's Office
10                                         700 Stewart Street, Suite 5220
                                           Seattle, Washington 98101-3903
11                                         Facsimile: 206-553-4440
12                                         Phone: 206-553-2636
                                           E-mail: Todd.Greenberg4@usdoj.gov
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

UNITED STATES' DISPOSITION MEMORANDUM - 6
*U.S. v. Willoughby, CR20-111 JCC*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970